UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| In re: | ) NOT FOR PUBLICATION |
| | ) |
| | ) Chapter 7 |
| INDAR RAMSOOMAIR, | ) Case No. 21-11215 (DSJ) |
| | ) |
| Debtor. | ) |

------------------------------------------------------------

# DECISION AND ORDER

**A P P E A R A N C E S:**

**LORNA J. LAMOTTE, ESQ**
*Counsel for Debtor*
1120 Avenue of the Americas
Suite 4064
New York, NY 10036

**LAW OFFICES OF ANGELA G. TESE-MILNER**
*Counsel for the Trustee*
735 Wickham Avenue
P.O. Box 35
Mattituck, NY 11952
By:    Angela G. Tese-Milner, Esq.

**ANDREA SHAPIRO, ESQ., PLLC**
*Counsel for 10-12 West 107th Street Housing Development Fund*
315 Madison Avenue
Suite 4016
New York, NY 10017

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

      10-12 West 107th Street Housing Development Fund Corporation (the "**HDFC**") seeks to reopen the above-referenced closed Chapter 7 bankruptcy case to permit the HDFC to commence an adversary proceeding to challenge the debtor's discharge under Bankruptcy Code Section 523. The Court held a hearing on the motion in November 2021 and directed supplemental briefing because the parties did not fully brief the reopening standard, namely, the factors described in *In*

1

*re Easley-Brooks*, 487 B.R. 400 (Bankr. S.D.N.Y. 2013), nor whether the Court has discretion to enlarge the HDFC's time to file a complaint under Federal Rule of Bankruptcy Procedure ("**Fed. R. Bankr. P.**") 4007(c).

For the reasons that follow, and having considered the overall record, the parties' original and supplemental submissions, and arguments presented at the November 2021 hearing, the Court DENIES the motion. The Court does not have discretion to permit the HDFC to file its proposed complaint in light of the time limits imposed by Rule 4007(c), and the HDFC has not established any basis to apply the doctrine of equitable tolling. Because there is no relief to be had, the Court declines to reopen the case.

**I. Background**
   **A. Initial Proceedings**

Debtor Indar Ramsoomair ("**Debtor**") filed a voluntary Chapter 7 petition on June 30, 2021. [ECF No. 1]. The Court appointed Angela G. Tese-Milner as Chapter 7 trustee (the "**Trustee**"). [ECF Fifth 6/30/2021 Entry]. Debtor listed his address as 12 West 107 Street, Apt. 3B, New York, NY 10025. [*Id.* at 2]. The section of Debtor's petition that described legal actions reported that Debtor had a case pending against the HDFC in New York State Supreme Court, New York County (the "**State Court Action**"). [*Id.* at 32]. The petition described the case as a "[t]hird party complaint alleging breach of fiduciary duty." [*Id.*].

In August 2021, the Trustee filed a report of no distribution [ECF 8/10/2021 Entry], which stated as follows. The Trustee made a diligent inquiry into Debtor's financial affairs and the location of property belonging to the estate. [*Id.*]. There was no property available for distribution over and above that exempted by law; thus, the estate had been fully administered. [*Id.*]. The Court issued a discharge of Debtor and order of final decree, and subsequently closed the case. [ECF No. 14, 10/5/2021 Entry].

2

B.  **The Motion to Reopen**

Two weeks after the case was closed, on October 19, 2021, the HDFC filed its motion to reopen. [ECF No. 17]. It alleges as follows. The HDFC is a residential cooperative corporation formed by the City of New York under the New York Private Finance Housing Law Article XI, operating for the benefit of low-income individuals. [*Id.* ¶ 1]. Debtor participated in a course of fraud arising out of a fiduciary context, defalcation, and false pretense/representation in which he conspired with his wife, his son, and an LLC entity ("**Rickstar Enterprises**") that Debtor created in his apartment and operated while acting as a fiduciary to the HDFC.[1] [*Id.* ¶ 3]. The state dissolved Rickstar Enterprises for non-payment of taxes. [*Id.* ¶ 11]. This fraud resulted in the misappropriation of more than $400,000 of the HDFC's funds. [*Id.*]. Debtor was an agent of the HDFC at relevant times and accordingly was legally obliged to protect the HDFC's interests. [*Id.*]. Debtor also employed an entity called R&J Security that he and/or his son owned to defraud the HDFC out of additional funds. [*Id.*].

The HDFC also alleges that Debtor further defrauded it by failing to give it notice of the commencement of his bankruptcy, even though Debtor resides at the same address as the HDFC. [*Id.* ¶ 4]. This failure allegedly prevented the HDFC from timely learning of the bankruptcy and filing a proof of claim or a complaint seeking determination of the dischargeability of its claims and objecting to Debtor's discharge with respect to the HDFC's assertedly non-dischargeable claims. [*Id.* ¶ 5]. The HDFC claims it also did not receive notice of the date by which a claim had to be filed or of the date of the first creditor meeting. [*Id.* ¶ 6]. As a result, the HDFC contends

---

[1] The motion says that Debtor was a fiduciary to the "Corporation." [ECF No. 17 ¶ 3]. The following sentence lists Debtor as an agent to the HDFC, and later, it says that Debtor and the HDFC had a fiduciary agreement, [*id.*], so this Decision and Order presumes that the "Corporation" is the HDFC.

that it was denied due process [*id.* ¶¶ 6, 8], and that the Court should grant the motion to reopen despite Debtor's timeliness objection. [*Id.* ¶¶ 2, 6].

In further support of its position regarding timeliness, the HDFC also alleges that Debtor intentionally listed an improper address for the HDFC on his Official Form 309A. [*Id.* ¶ 7; ECF No. 4-1]. The HDFC also attached to its motion a copy of its fiduciary agreement with Debtor, as well as "documentary proofs" that assertedly show that Debtor colluded with his wife and son through the use of an LLC entity. [ECF No. 17 ¶¶ 9–10].

As to the State Court Action, the HDFC alleges as follows. Debtor's fraud prompted the HDFC to sue Debtor, asserting ten causes of action including fraud in a fiduciary context, defalcation and false pretense/representation. [*Id.* ¶ 12]. Breach of fiduciary duty—the sole descriptor of the case provided by Debtor in his petition—is also one of the causes of action. [*Id.*]. The HDFC further contends that nine other claims, not mentioned in the petition, are not discharged under 11 U.S.C. § 523(a)(3), as the discharge notice itself says only claims listed in the petition are discharged. [*Id.* ¶¶ 13–14, 16]. The HDFC asks for leave to file a claim and complaint, *nunc pro tunc* to an unspecified date, seeking a determination that those claims are not subject to discharge. [*Id.* ¶ 15].

The HDFC contends that upon the bankruptcy's reopening, the Court should: (1) revoke Debtor's discharge under 11 U.S.C. § 727(d) and (e); (2) determine that the nine non-breach of fiduciary duty claims from the State Court Action were not discharged under Section 523(a)(3); and (3) in the alternative, vacate the discharge as to any of the HDFC's claims and deem filed a summons and complaint that the HDFC attaches to its motion. [*Id.* ¶¶ 18–57]. The HDFC also raises two more arguments that are largely duplicative, in essence, that the Court should deem filed

the annexed summons and complaint or give the HDFC permission to serve and file those documents *nunc pro tunc*. [*Id.* ¶¶ 58–87].

In the motion, counsel for the HDFC acknowledges that Debtor notified her of the bankruptcy in her capacity as the HDFC's counsel, but counsel objects that she was not an authorized agent of the HDFC and that thus, the HDFC still did not receive valid notice. [*Id.* ¶¶ 61–62].

Debtor opposes the motion to reopen [ECF No. 19], contending as follows. The record disproves the HDFC's assertion that it did not receive notice of the bankruptcy because Debtor gave notice to counsel that represented the HDFC in the State Court Action. [*Id.* ¶¶ 3–4]. Particularly given the HDFC's claim in the state-court litigation that the that HDFC's board members are unsophisticated, sending notice to counsel was reasonably calculated, under the circumstances, to apprise the HDFC of the bankruptcy. [*Id.* ¶¶ 5–9]. Further, Debtor contends, while the original notice sent to counsel was returned undelivered, Debtor rectified this by sending notice to counsel's new address. [*Id.* ¶¶ 11–12]. In any event, counsel for the HDFC filed a notice of an appearance in the bankruptcy case on August 16, 2021, a full 42 days prior to the last date for creditors to object to the discharge of debt. [*Id.* ¶ 13].

Debtor further argues that the HDFC does not present a specific rationale for how Bankruptcy Code Section 727(c), (d), or (e) applies to Debtor, and that the HDFC wrongfully asserts that Debtor made a "false oath" in listing the HDFC's address as in care of its counsel. [*Id.* ¶ 15–17]. Debtor further contends the HDFC cannot satisfy Section 727(d) because Debtor provided proper notice of the bankruptcy. [*Id.* ¶¶ 18–19]. Thus, in light of the HDFC's failure to object to the dischargeability of Debtor's debt, all of the HDFC's claims are discharged under Fed R. Bankr. P. 4404, 4007 and Section 523 of the Bankruptcy Code. [*Id.* ¶¶ 20–30]. Further,

according to Debtor, the HDFC's reliance on Section 523 is unavailing because the HDFC had notice of the bankruptcy, and the Bankruptcy Code does not require a debtor to list all causes of action a creditor has against it. [*Id.* ¶¶ 24–29].

### C. The Hearing and Supplemental Briefs

The Court held a hearing on the motion to reopen in November 2021. The Court reserved decision on the motion, and directed the submission of supplemental briefs addressing the standard governing motions to reopen. [ECF No. 26]. The Court also noted that a major potential impediment to the HDFC is that it may be time-barred from seeking relief because it appeared in the bankruptcy yet failed to object to the discharge or seek an extension. [*Id.*].

Debtor's ensuing supplemental brief argues that the six-factor *Easley-Brooks* standard did not weigh in the HDFC's favor, because: (1) the case was closed only for a few weeks, but regardless, the HDFC would still need and not be entitled to an extension to file an untimely objection to the discharge; (2) there is no non-bankruptcy forum for the adjudication of this matter but there remains nothing to adjudicate; (3) there has been no litigation on HDFC's claim to necessitate going forward in a state court; (4) Debtor would be prejudiced if the case were reopened because the Court would be belatedly taking away the fresh start it authorized when it granted Debtor's discharge; (5) no party would benefit from reopening the case because Debtor has no assets, making him judgment proof, and the HDFC cannot commence an adversary proceeding because it has not acted in a timely manner; and (6) no relief would be forthcoming from reopening the case. [[ECF No. 27] at 3–6].

As to the Rule 4007(c) issue, Debtor argues that the Court has no discretion under Rule 4007(c) to retroactively extend the deadline for filing non-dischargeability complaints. [*Id.* at 7–9 (citing *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013) as well as Rule 9006(b))].

6

The HDFC's supplemental submission contends that it has adequately demonstrated Debtor's bad faith and fraud in denying the HDFC the time it needed to timely file an adversary complaint. [ECF No. 29 at 2]. First, according to the HDFC, the time limit imposed by Rule 4007(c) is not jurisdictional and is subject to waiver, estoppel, and equitable tolling. [*Id.*]. The HDFC further asserts that Debtor knew that the attorney in the state-court action was away when he filed for bankruptcy, and he either misled his counsel about the proper address for serving the HDFC or failed to correct the information in the petition when he verified it. [*Id.* at 2–3]. According to the HDFC, its eight-day delay in challenging the discharge is excusable, and in any event, the motion does not turn on excusable neglect, but Debtor's wrongful conduct. [*Id.* at 3–4]. Thus, the HDFC contends that the Court should reopen the case and permit it to seek relief under principles of equitable tolling, particularly because the COVID-19 pandemic and Debtor's wrongful conduct constitute "extraordinary circumstances." [*Id.* at 6–7]. As to the *Easley-Brooks* factors, the HDFC argues that: (1) the case was closed for only a short period; (2) and (3) the Court has exclusive jurisdiction over the core question of dischargeability and the need to file an adversary complaint; (4) the HDFC would be prejudiced by losing the opportunity to have its claims heard, and Debtor will suffer no prejudice if the Court grants relief; and (5) the HDFC will benefit by getting a chance to raise the claims that Debtor denied it by his misconduct. [*Id.* at 7–10]. The HDFC does not address the sixth factor.

## II. Discussion
### A. Jurisdiction

Jurisdiction is not contested in this case. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157, 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012

(Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (b)(2)(J) because it concerns estate administration and objections to discharges.

### B. Legal Standards

Bankruptcy courts can reopen bankruptcy cases under Bankruptcy Code Section 350(b) upon motion of the debtor or other party in interest. Fed. R. Bankr. P. 5010. Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Bankruptcy Code does not define "other cause," and the decision to reopen a bankruptcy case is discretionary. *See In re Easley-Brooks*, 487 B.R. at 406.

In determining whether "cause" exists, Courts consider numerous factors, including equitable concerns. *In re Emmerling*, 223 B.R. 860, 864 (2d Cir. BAP 1997). Those factors include: (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion. *In re Easley-Brooks*, 487 B.R. at 407. When weighing the factors, the Court ought to emphasize substance over technical considerations. *In re Atari, Inc.*, No. 13-10176 (JLG), 2016 WL 1618346, at *4 (Bankr. S.D.N.Y. Apr. 20, 2016) (citing *Emmerling*, 223 B.R at 864).

The movant bears the burden to demonstrate cause for reopening. *Id.* The decision to reopen does not bear on the substantive issues raised by the moving party and is not a ruling on a case's merits. *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017). But it is "appropriate" for a Court to consider the merits of an underlying claim in tandem with its ruling on a motion to reopen.

8

*In re Kassover*, 448 B.R. 625, 631 (S.D.N.Y. 2011). A Court will not reopen a case where there is no potential relief available to the movant; in other words, a Court will deny a Section 350(b) motion where "'reopening is pointless.'" *In re Garland*, 501 B.R. 195, 199 (Bankr. S.D.N.Y. 2013) (quoting *In re Clark*, 465 B.R. 556, 559 (Bankr. D. Idaho 2011)).

Here, the HDFC seeks leave to commence an adversary proceeding for a determination that its claims against Debtor are excepted from discharge under Bankruptcy Code Section 523. They are generally two categories of such exceptions: (1) those that are self-executing and (2) those that require a creditor to seek a determination of dischargeability by a fixed deadline, failing which the exception does not apply and the debt is discharged. *United States ex rel. Minge v. Hawker Beechcraft Corp. (In re Hawker Beechcraft, Inc.)*, 515 B.R. 416, 422 (S.D.N.Y. 2014) ("*Hawker Beechcraft*"). For self-executing exceptions, a creditor or debtor may seek a determination of dischargeability at any time under Rule 4007(b). *Id.*

Exceptions in the non-self-executing category require a creditor to affirmatively seek a determination before a specified deadline. *Id.* Code Section 523(c)(1) requires that a creditor proceed by adversary complaint to obtain a ruling under the non-self-executing exceptions applicable to an individual debtor's discharge. *See* 11 U.S.C. § 523(c)(1); *see also* Fed. R. Bankr. P. 7001(6).

In such cases, Bankruptcy Rule 4007(c) provides the relevant deadline for filing the complaint. *In re Sklar*, 626 B.R. 750, 769 (Bankr. S.D.N.Y. 2021). Rule 4007(c) requires that a complaint "shall be filed no later than 60 days after the first date set for the hearing of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). While the Rule permits a party in interest to move for an extension of that time, such a "motion shall be filed before the time has expired." *Id.* If a party fails to request an extension before the deadline:

9

> [a] court has no discretion to enlarge the time for filing complaints under [Rule] 4007(c), not even upon a showing of excusable neglect. Under Rule 4007(c), the creditor must either file the complaint within the time set or move for an enlargement of time before the deadline has passed. Bankruptcy Rule 9006(b)(3) expressly provides that the court "may enlarge the time for taking action under Rule[s] . . . 4007(c) . . . only to the extent and under the conditions stated in those Rules."

16 Collier on Bankruptcy ¶ 523.29[1] (16th ed.).

Section 523(a)(3) of the Bankruptcy Code provides a limited exception. *In re Sklar*, 626 B.R. at 772. It protects an unlisted creditor that lacked notice or actual knowledge of a bankruptcy case against the discharge of its debts. 11 U.S.C. § 523(a)(3). It provides:

> (a) A discharge under section 727 . . . does not discharge an individual from any debt—
>
> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>>
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual notice of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3). Both subparagraphs make explicit that if an unlisted creditor did not have notice or actual knowledge of the bankruptcy case on or before the bar date, the debtor's debt is not discharged. *See In re Sklar*, 626 B.R. at 772.

Rule 4007(c) is not jurisdictional. *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996). Rather, as statutory filing deadline, it is subject to the defenses of waiver, estoppel, and equitable tolling. *Id.* at 54–55. For instance, where a party has been misled by the Court as to the filing deadline there is a basis for looking beyond the 60-day period. *See In re Dizon*, No. 09-15351 (ALG), 2010

10

WL 958070, at *1 (Bankr. S.D.N.Y. Mar. 12, 2010). Nevertheless, when a party has had an opportunity to object to dischargeability and has failed to file a proper complaint within 60 days of the initial Section 341 creditors' meeting or timely sought an extension, the court should not grant an untimely motion for leave to file such a complaint. *In re Fletcher*, No. 12-11961 (ALG), 2013 WL 1386265, at *2 (Bankr. S.D.N.Y. Apr. 4, 2013) (citing *In re Benedict*, 90 F.3d at 54); *see In re Dizon*, 2010 WL 958070, at *1 ("[C]ases in this Circuit since *Benedict* have drawn a hard line in enforcing Bankruptcy Rule 4007(c), even describing it as being set in stone.") (internal quotation marks omitted); *In re Fucilo*, No. 00-36261 (CGM), 2002 WL 1008935, at *7 (Bankr. S.D.N.Y. Jan. 24, 2002) ("[I]f a creditor has any ground to except his debt from discharge . . . he must file a timely complaint or forever lose his rights.").

### C. Analysis

Regardless of whether the HDFC satisfies the *Easley-Brooks* factors that courts apply to determine whether reopening is warranted, granting such relief would be "pointless" if the HDFC is time-barred from filing its proposed adversary complaint. *See Garland*, 501 B.R. at 199. For the reasons that follow, Rule 4007(c) precludes the HDFC from filing its adversary complaint, a bar that is not overcome by its proffered equitable considerations.

The starting point for the Court's analysis is determining under what provision of the Bankruptcy Code the HDFC seeks to file an adversary complaint. *See in re Kassover*, 448 B.R. at 631. The proposed amended complaint attached to the HDFC's motion to amend characterizes the action as arising under Sections 523(a)(2), (a)(3), (a)(4), and (a)(6) of the Bankruptcy Code. [ECF No. 17 at 278–79, 281–82 (pdf pag.)]. The HDFC's supplemental submission in support of its motion to reopen contends that Rule 4007(c) is not jurisdictional and asserts that Debtor improperly served the HDFC, thereby engaging in wrongful conduct. [ECF No. 29 at 2–3]. The HDFC argues that it therefore is entitled to equitable tolling. [*Id.* at 6–7].

11

All of the discharge objections that the HDFC raises are non-self-executing, and are thus subject to Rule 4007(c). *See Hawker Beechcraft*, 515 B.R. at 422. Accordingly, the 60-day period under Rule 4007(c) applies, meaning the HDFC's complaint was required to be commenced by September 27, 2021, 60 days after the creditor meeting, *see* Rule 4007(c), unless that deadline can be tolled or extended. Thus, the HDFC must show the applicability of an exception (waiver, estoppel, or equitable tolling) to excuse the HDFC's failure to either object to discharge or to request an extension within that period. *See In re Dizon*, 2010 WL 958070, at *1.

The doctrine of equitable tolling "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). It is a "drastic remedy applicable in only rare and exceptional circumstance[s]," *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quotation marks omitted), and the plaintiff bears the burden of demonstrating the doctrine's appropriateness, *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *In re Frankl*, 620 B.R. 220, 226 (S.D.N.Y. 2020). To do so, the plaintiff must establish that "(1) [it] has been pursuing [its] rights diligently, and (2) that some extraordinary circumstance stood in [its] way." *A.Q.C.*, 656 F.3d at 144 (quotation marks omitted)

To act diligently is to demonstrate to the Court that one has not "slept on his rights." *In re Bressler*, 600 B.R. 739, 749 (Bankr. S.D.N.Y. 2019) (quoting *Higgins v. Erickson (In re Higgins)*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)). Extraordinary circumstances may be present where a defendant has fraudulently concealed facts that would have allowed the plaintiff to discover he had a claim. *See Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 157 (2d Cir. 2012). But they do not exist where a party is aware of an objection deadline but failed to timely move to extend the time to object. *In re Bressler*, 600 B.R. at 749.

This is where the HDFC's motion fails. In June 2021, a notice was docketed in Debtor's bankruptcy providing notice that July 29, 2021 was the date of the Section 341(a) meeting of creditors. [ECF No. 4]. That same notice stated that September 27, 2021 would be the deadline for opposing a discharge. [*Id.*].

On August 16, 2021, six weeks before the discharge objection deadline, counsel for the HDFC filed a notice of appearance on behalf of the HDFC in the bankruptcy case. [ECF No. 13]. As explained below, the appearance of and for the HDFC makes it chargeable with notice of all proceedings in the case, and precludes any contention that it lacked timely notice that it needed to object to any discharge by September 27, 2021.

In responding to this observation, the HDFC emphasizes that it did not receive mailed notice of the Section 341 meeting because the address listed for the HDFC in that notice was improper. [ECF No. 29 at 1–2]. Counsel further asserts that her notice of appearance makes effective only notices sent after she appeared on August 16, and further explains that she was largely unable to receive notice between September 1–7, 2021, because she was relocating offices, and that she did not receive at least 30 days' notice before the objection deadline. [*Id.* at 4, 7]. She also claims that the COVID-19 pandemic further caused delay. [*Id.* at 6–7]. The HDFC contends that these considerations warrant equitable tolling, especially in light of Debtor's allegedly deceitful conduct and the general uncertainty and instability created by the pandemic. [*See generally id.*].

Nothing the HDFC identifies justifies equitably tolling the 60-day period imposed by Rule 4007(c).

The law does not support counsel's assertion that her notice of appearance makes her client charged with notice only of subsequent docket entries. *See Star Asia Int'l, Inc. v. Old Dominion*

13

*Footwear, Inc.*, No. 18-CV-4741 (JMF), 2019 WL 2371632, at *2 (S.D.N.Y. June 5, 2019) ("Filing a notice of appearance *after* an earlier docket entry does not excuse a failure to review prior entries.") (emphasis in original); *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *5 (S.D.N.Y. Sept. 4, 2014) ("[N]ew entrants to the case are required to get up to speed, and to learn relevant facts, law, and strategy."). This legal requirement was not a significant barrier here, especially because the objection deadline appeared not only in an earlier docket entry but also as part of a list of important dates featured on the docket's page on CM/ECF. Thus, counsel received or was chargeable with notice of the objection deadline on the day she filed a notice of appearance, which was 42 days prior to the objection deadline. Having appeared 42 days before the deadline, Counsel also had more than the minimum 30 days' notice that Rule 4007(c) requires. Fed. R. Bankr. P. 4007(c). Counsel's disregard of prior docket entries bespeaks a lack of required diligence, and is insufficient to make out "exceptional" or "extraordinary" circumstances justifying equitable tolling.

These realities establish that it is not Debtor or the Court who prevented the HDFC from filing an adversary complaint. *Contrast Bressler*, 600 B.R. at 747 (deadline excused where the debtor did not serve a creditor with notice of the 341 meeting until after the expiration of the deadline to object); *Garland*, 501 B.R. at 200 ("Notice provided after the deadline would provide the Movant with insufficient time to file a complaint."). Rather, the HDFC's untimely filing was "'self-inflicted wound,'" a circumstance that weighs against equitable tolling. *See In re Frankl*, 620 B.R. at 227 (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 13 (2d Cir. 1996) (internal quotation marks and citations omitted)).

Further, the HDFC offers no law or specific factual allegations in support of its theory that the pandemic constitutes an extraordinary circumstance that justifies the relief sought. The effects

14

of the pandemic "could conceivably present extraordinary circumstances," but a party does not demonstrate them by making a "passing reference to the pandemic or the resulting lockdown." *Hines v. United States*, No. 20-CV-10064 (CS), No. 17-CR-364-2 (CS), 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021) (quotation marks omitted). The HDFC also does not show that the pandemic posted a material impediment to its filing of a timely adversary complaint or seeking an extension. *See Marquez-Ortiz v. United States*, No. 20-CV-5793 (JPO), 2021 WL 3863005, at *2 (S.D.N.Y. Aug. 30, 2021) ("'[T]he term "extraordinary" refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period.'") (quoting *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (alteration and citation omitted)).

Thus, the HDFC has not carried its burden to show that it is entitled to equitable tolling. The Rule 4007(c) 60-day period applies, and the Court does not have discretion to permit the HDFC to file its proposed adversary complaint, given the expiration of that deadline.

Because reopening here would be "pointless," the Court need not consider the *Easley-Brooks* factors in depth. *In re Garland*, 501 B.R. at 199. Briefly, the HDFC is correct that certain of these factors weigh in its favor. The case had been closed for fewer than two weeks when the HDFC moved to reopen. [ECF No. 17]. This Court has jurisdiction to rule on the core matter of determining dischargeability, and there is no reason to believe that a state court would be an appropriate forum. Nevertheless, because the HDFC is time-barred from seeking any relief as to Debtor's discharge, the Court denies its request to reopen the case to pursue such relief.

## III. Conclusion

The Court denies the motion to reopen.

**IT IS SO ORDERED.**

Dated: New York, New York
      March 18, 2022

                                      *s/ David S. Jones*
                                Honorable David S. Jones
                                United States Bankruptcy Judge